UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| COREY TAYLOR, # 534419, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:24-cv-00004 |
| BRANDON IADICICCO, <u>et al.</u>, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Corey Taylor, who is currently in the custody of the Turney Center Industrial Complex in Only, Tennessee, filed a pro se Complaint alleging violations of his civil rights. (Doc. No. 1). Along with the Complaint, Taylor filed a Motion for Temporary Restraining Order (Doc. No. 3), which the Court denied (Doc. No. 5). Taylor appealed, and the United States Court of Appeals for the Sixth Circuit affirmed. (Doc. Nos. 13, 34). The Complaint is now before the Court for initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2), 1915A.

### I.  PLRA SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept a plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. FACTUAL ALLEGATIONS AND CLAIMS

Taylor names three Defendants: Officer Brandon Iadicicco, Officer Ralston, and Captain Jason Staggs. (Doc. No. 1 at 1).

Taylor alleges that on January 3, 2024, he asked Officer Ralston for an Unlimited Access Pass to the prison law library. (Id.). Officer Ralston was authorized to provide the pass, but instead he told Taylor to go see Officer Iadicicco. (Id.).

Taylor then spoke to Officer Iadicicco about the Unlimited Access Pass. (Id. at 2). Officer Iadicicco believed that Taylor was suing him and demanded to see Taylor's legal documents. (Id.). Taylor showed Officer Iadicicco only the scheduling order. (Id.). Officer Iadicicco told Taylor he could not decide on whether to provide him an Unlimited Access Pass because he believed Taylor was suing him.[1] (Id.). Officer Iadicicco told Taylor to return at 2:00 p.m. (Id.). Instead, Taylor threatened to file a grievance against Officer Iadicicco. (Id.). Officer Iadicicco then wrote a

---

[1] Taylor alleges that Officer Iadicicco was mistaken and that Taylor had no litigation against Officer Iadicicco at that time. (Doc. No. 1 at 2).

2

disciplinary report against Taylor for "Solicitation of Staff" based on Taylor's threat to initiate legal action if he did not approve Taylor's request. (Id. at 2; see Doc. No. 1-1 at 2 (disciplinary report)). Taylor believes that Officer Iadicicco wrote the disciplinary report in part as retaliation for Taylor's grievance against Officer Peone, who is not a Defendant in this action. (Id. at 4). Officer Peone confronted Taylor about the grievance shortly before Officer Iadicicco wrote the disciplinary report. (Id.).

Captain Staggs approved the disciplinary charge. (Id. at 4−5).

### III. ANALYSIS

Taylor asserts First Amendment claims against each Defendant for denial of access to courts and retaliation. He has alleged sufficient facts to allow only one of his claims—a retaliation claim against Officer Iadicicco—to continue. All other claims will be dismissed. The court addresses the dismissed claims before setting forth the claim that will proceed.

A. <u>Claims to be dismissed</u>

First, all First Amendment claims based on the denial of access to courts will be dismissed. "Plaintiffs with nonfrivolous legal claims have a constitutional right to access the courts to bring those claims." Jackson v. City of Cleveland, 64 F.4th 736, 746 (6th Cir. 2023). Where an incarcerated individual alleges that jail or prison staff interfered with his right to access the courts, he must allege "actual injury" in the form of prejudice to a non-frivolous lawsuit or potential lawsuit. Hadix v. Johnson, 182 F.3d 400, 405 (6th Cir. 1999); Jackson, 64 F.4th at 746 ("We have identified having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline as some examples of actual prejudice to pending or completed litigation." (quotation marks omitted)). Here, Taylor alleges that he sought additional library time to comply with a deadline of January 12, 2024, to file a dispositive motion. (Doc. No. 1 at 1). He does not allege

3

that he missed the dispositive-motion deadline or that his pending litigation was otherwise prejudiced by the lack of law library time.[2] (Id.). Accordingly, he has failed to state a viable First Amendment claim based on the denial of access to courts.

Next, Taylor's retaliation claims against Officer Ralston and Captain Staggs will be dismissed. To state a viable First Amendment retaliation claim, a plaintiff must allege "that the [plaintiff] engaged in activity protected by the First Amendment, that the defendant took a harmful action against the [plaintiff], and that the action was caused by the [plaintiff]'s protected activity." Phillips v. Tangilag, 14 F.4th 524, 539 (6th Cir. 2021). Taylor alleges that he had filed a grievance against Officer Peone before seeking the Unlimited Access Pass. However, he does not allege facts from which the Court may reasonably infer that Officer Ralston or Captain Staggs knew about the grievance against Officer Peone or that their actions were based on Taylor's submission of that grievance. Accordingly, he has failed to state a viable First Amendment retaliation claim against Officer Ralston or Captain Staggs.

B.  Claim to proceed

Taylor's First Amendment retaliation claim against Officer Iadicicco will proceed. As explained above, to state a viable First Amendment retaliation claim, a plaintiff must allege "that the [plaintiff] engaged in activity protected by the First Amendment, that the defendant took a harmful action against the [plaintiff], and that the action was caused by the [plaintiff]'s protected activity." Phillips, 14 F.4th at 539. Here, Taylor alleges that he had submitted a grievance against Officer Peone. (Doc. No. 11 at 5). A non-frivolous grievance is protected First Amendment

---

[2] The Court notes that Taylor is the Plaintiff in Taylor v. Wellpath Medical, et al., No. 3:22-cv-00705 (M.D. Tenn.). In that case, the original dispositive-motion deadline was January 12, 2024. Taylor v. Wellpath Medical, No. 3:22-cv-00705 (M.D. Tenn.) (Doc. No. 60). Taylor's request for extension of time was granted, allowing him through February 23, 2024, to file a dispositive motion. Taylor v. Wellpath Medical, No. 3:22-cv-00705 (M.D. Tenn.) (Doc. No. 89).

activity.[3] Richards v. Perttu, 96 F.4th 911, 917 (6th Cir. 2024). Taylor further alleges that Officer Iadicicco wrote a disciplinary charge against him shortly after Officer Peone confronted Taylor about the grievance, suggesting that Officer Iadicicco wrote the disciplinary report, at least in part, to retaliate against Taylor for the grievance against Officer Peone. (Doc. No. 11 at 5). Based on these allegations, he has stated a viable First Amendment retaliation claim against Officer Iadicicco.

## IV. CONCLUSION

The court has screened the Complaint pursuant to the PLRA and finds that the Complaint fails to a state a Section 1983 claim upon which relief can be granted against Officer Ralston or Captain Jason Staggs. All claims against these defendants are therefore **DISMISSED** for failure to state a claim upon which relief may be granted. Additionally, all First Amendment access-to-courts claims are **DISMISSED** for failure to state a claim upon which relief may be granted. The Clerk is **DIRECTED** to terminate Officer Ralston and Captain Jason Staggs as defendants on the docket.

The Complaint states a viable First Amendment retaliation claim against Officer Brandon Iadicicco. This claim alone **SHALL PROCEED**.

The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for the remaining defendant. Taylor **MUST** complete the service packet and return it to the Clerk's Office within **30 DAYS** of the entry of this order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed service packet, the Clerk is

---

[3] Taylor's threat to file a grievance against Officer Iadicicco may also have been protected First Amendment activity. See Tucker v. Wener, No. 19-1395, 2020 WL 6162637, at *2 (6th Cir. July 20, 2020) ("[P]rotected behavior under the First Amendment may take the form of threats to file a grievance.").

5

**DIRECTED** to issue summons to the U.S. Marshals Service for service on the defendant. Fed. R. Civ. P. 4(b) and 4(c)(3).

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court. Despite the issuance of process, the Magistrate Judge may sua sponte recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2).

Taylor is forewarned that his prosecution of this action will be jeopardized if he should fail to keep the clerk's office informed of his current address.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE